

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00440-CV
_____

IN THE INTEREST OF K.Q. AND K.O., CHILDREN

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 82392-L2, Honorable Matthew C. Martindale, Presiding

January 23, 2024

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, M.Q., appeals from the trial court's order terminating her parental rights to her children, K.Q. and K.O.[1]  The final hearing in this matter was held before associate judge, the Honorable Jack Graham, on November 13, 2023.  Following the hearing, M.Q. timely filed a request for de novo review.  Judge Graham signed the *Order of Termination* on November 21, 2023.  However, on November 28, 2023, prior to a de novo hearing, the referring court judge, the Honorable Matthew C. Martindale, also signed the *Order of Termination.*  It is unclear from the record whether the referring court intended to adopt

---

[1] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

the *Order of Termination* as the final order on November 28, 2023. *See* TEX. FAM. CODE ANN. §§ 201.014, 201.015, 201.2041 (concerning a referring court's action on an associate judge's order). Nonetheless, M.Q. filed a notice of appeal on November 30, 2023. While the appeal was pending, a de novo hearing was held on January 3 and 4, 2024, before the Honorable Dan L. Schaap, sitting by assignment. Judge Schaap signed an *Order of Termination Following De Novo Hearing* on January 10, 2024.

Because we are unable to determine whether the referring court intended to sign a final order prior to the de novo hearing, we abate the appeal and remand the cause to the trial court for further proceedings. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."). On remand, the referring court shall enter findings clarifying whether it intended the *Order of Termination* signed on November 28, 2023, to be its final order. Due to the time-sensitive nature of an appeal from a parental termination order, the trial court shall cause a supplemental clerk's record including its findings on the matter to be filed with the Clerk of this Court by February 2, 2024. All appellate deadlines, including the deadline to file Appellant's brief, are suspended until reinstatement of the appeal.

Per Curiam